UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WESTERN BULK CARRIERS AS and
WESTERN BULK CHARTERING AS                                        15 Civ. 8304 (VEC)
Individually and on behalf of
M/V LONG LUCKY (IMO No. 9471654),

                        Plaintiffs,


           -against-
                                                                  **ANSWER**

O.W. BUNKER & TRADING A/S, O.W.
SUPPLY & TRADING A/S, U.S. OIL
TRADING, LLC and ING BANK BANK N.V.

                        Defendants.
------------------------------------------------------------X

     Defendant, U.S. Oil Trading LLC ("USOT" or "defendant"), by its attorneys Clyde & Co US LLP, answering the Complaint for Interpleader (the "Complaint") of plaintiffs Western Bulk Carriers AS and Western Bulk Chartering AS (collectively "plaintiffs"), states upon information and belief as follows:

     1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

     2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

     3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

     4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

     5.     Admits the allegations in paragraph 5 of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.      Denies each and every allegation in paragraph 7 of the Complaint.

8.      Denies each and every allegation in paragraph 8 of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.     Denies each and every allegation in paragraph 10 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.     Denies each and every allegation in paragraph 12 of the Complaint.

13.     Denies each and every allegation in paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, except admits that the Sales Order Confirmation attached to the Complaint as Exhibit 1, identifies the "supplier" as "US Oil."

16.     Admits the allegations in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, except denies that the bunkers delivered to the Vessel on November 1, 2014, were supplied by O.W. Bunker.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, except admits that USOT is seeking to enforce its maritime lien against the Vessel arising from the supply of bunkers to the Vessel by USOT.

23.     Denies each and every allegation in paragraph 23 of the Complaint, except admits that on November 10, 2014, USOT wrote to Western Bulk Carriers AS to give notice that USOT had not yet been paid for the bunkers it delivered to the Vessel on November 1, 2014.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26.     Denies each and every allegation in paragraph 26 of the Complain, except admits that USOT was the physical supplier of the bunkers delivered to the Vessel, and thus has a right to enforce its maritime lien against the Vessel.[1]

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.[2]

---

[1] USOT denies each and every allegation in footnote 1 of the Complaint, except admits that it is the appellant in the Second Circuit Court of Appeals action styled *Hapag Lloyd Aktiengesellschaft  v. U.S. Oil Trading LLC, Case No. 15-097*.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, except admits that USOT has a right to enforce its maritime lien against the Vessel pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (the "Supplemental Rules").[3]

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30.     Denies each and every allegation in paragraph 30 of the Complaint.

31.     Denies each and every allegation in paragraph 31 of the Complaint.

32.     Denies each and every allegation in paragraph 32 of the Complaint.

33.     Denies each and every allegation in paragraph 33 of the Complaint.

34.     Denies each and every allegation in paragraph 34 of the Complaint.

**FURTHER ANSWERING THE COMPLAINT, AND AS AND FOR SEPARATE, PARTIAL AND/OR COMPLETE DEFENSES THERETO, DEFENDANT ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:**

35.     Defendant repeats and realleges each and every admission, denial and denial of knowledge or information set forth in paragraphs 1 through 34 herein with the same force and effect as if set forth at length.

**FIRST AFFIRMATIVE DEFENSE**

36.     The Court lacks personal jurisdiction over defendant USOT.

**SECOND AFFIRMATIVE DEFENSE**

37.     The Court lacks subject matter jurisdiction.

---

[2] USOT denies knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 2 of the Complaint.
[3] USOT denies each and every allegation in footnote 3 of the Complaint.

### THIRD AFFIRMATIVE DEFENSE

38.    The Court lacks *in rem* jurisdiction over the subject vessel.

### FOURTH AFFIRMATIVE DEFENSE

39.    Venue in this Court is improper, and the action should be transferred to a more convenient forum.

### FIFTH AFFIRMATIVE DEFENSE

40.    Venue in this Court is inconvenient, and the action should be dismissed pursuant to the doctrine of *forum non conveniens*.

### SIXTH AFFIRMATIVE DEFENSE

41.    Service of process upon defendant USOT was insufficient and improper.

### SEVENTH AFFIRMATIVE DEFENSE

42.    Each cause of action alleged in the Complaint fails to state a claim upon which relief may be granted.

### EIGHTH AFFIRMATIVE DEFENSE

43.    Plaintiffs have failed to join the vessels *in rem* as indispensable parties to this action under Rule 19 of the Federal Rules of Civil Procedure.

### NINTH AFFIRMATIVE DEFENSE

44.    Plaintiffs' claims are governed by English law and/or other foreign law.

### TENTH AFFIRMATIVE DEFENSE

45.    Plaintiffs' claims are subject to London arbitration under the applicable contract, if any, and defendant USOT reserves all rights and defenses in respect thereto.

### ELEVENTH AFFIRMATIVE DEFENSE

46.    There is no privity of contract between plaintiffs and defendant USOT.

### TWELFTH AFFIRMATIVE DEFENSE

47.     Plaintiffs have failed to satisfy all conditions precedent to bring this lawsuit.

### THIRTEENTH AFFIRMATIVE DEFENSE

48.     Plaintiffs have waived any right to recovery against defendant USOT.

### FOURTEENTH AFFIRMATIVE DEFENSE

49.     The Complaint is barred by the doctrine of estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

50.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE

51.     Plaintiffs are not disinterested stakeholders as alleged in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

52.     Plaintiffs are not the real parties in interest.

### EIGHTEENTH AFFIRMATIVE DEFENSE

53.     Plaintiff has failed to mitigate the damages alleged herein.

### NINETEENTH AFFIRMATIVE DEFENSE

54.     If plaintiffs suffered any loss, which is denied, such loss resulted solely from the fault of plaintiffs and/or others for whom defendant USOT is not responsible, and not as a result of any fault of defendant USOT.

### TWENTIETH AFFIRMATIVE DEFENSE

55.     Plaintiffs seek attorneys' fees and costs which are not recoverable as damages herein.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

56.     Plaintiff's claims are barred in whole or in part for lack of consideration.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

57.     Plaintiffs have failed to comply with the requirements to provide security for *in rem* actions pursuant to 28 U.S.C. § 2464 and/or Rule E(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

**WHEREFORE**, defendant USOT demands judgment dismissing the Complaint and granting defendant USOT its costs and disbursements of this action, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
      January 25, 2016

CLYDE & CO US LLP
Attorneys for Defendant

By: /s/ John R. Keough, III
      John R. Keough, III
      Casey D. Burlage
      Corey R. Greenwald
      George G. Cornell
      The Chrysler Building
      405 Lexington Avenue, 16th Floor
      New York, New York 10174
      Tel.:  (212) 710-3900
      Fax: (212) 710-3950