USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/4/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WESTERN BULK CARRIERS AS and
WESTERN BULK CHARTERING AS
Individually and on behalf of
M/V LONG LUCKY (IMO No. 9471654)

                                    Plaintiffs,

        -against-

O.W. BUNKER & TRADING A/S, O.W. SUPPLY &
TRADING A/S, U.S. OIL
TRADING, LLC AND ING BANK N.V.

                                    Defendants.

15 Civ. 8304 (VEC)

## STIPULATION TO ADOPT PROTECTIVE ORDER

COME NOW Interpleader Plaintiffs Western Bulk Carriers AS and Western Bulk

Chartering AS ("Plaintiffs"), individually and on behalf of the M/V LONG LUCKY (IMO No.

9471654) (the "Vessel"), U.S. Oil Trading, LLC ("U.S. Oil"), and ING Bank N.V., as Security

Agent under that certain USD 700,000,000 Multicurrency Revolving Borrowing Base Facilities

Agreement, dated as of December 19, 2013 and the related English Omnibus Security

Agreement, dated as of December 19, 2013, each between ING Bank and Defendant O.W.

Bunker & Trading A/S ("O.W. Denmark") and certain of its affiliates ("ING" and, together with

Plaintiffs and U.S. Oil, the "Parties"), filing their Stipulation to Adopt Protective Order, and

would respectfully show as follows:

WHEREAS, on December 7, 2015, the Court entered a Protective Order governing the

production and/or use of documents, deposition testimony, deposition exhibits, responses to

interrogatories, requests for admission, and all other information and material produced or

#

disclosed in discovery in various O.W. Bunker-related actions, including *Clearlake Shipping Pte Ltd. v. O.W. Bunker (Switzerland) SA, et al.*, No. 14 Civ. 9287 (ECF No. 123) (the "O.W. Bunker Protective Order"), attached hereto as Exhibit A;

WHEREAS, on October 21, 2015, Plaintiffs filed the above-captioned Complaint in Interpleader (Doc. 1), naming ING, O.W. Denmark, O.W. Supply & Trading A/S, and U.S. Oil as defendants;

NOW, IT IS HEREBY

STIPULATED AND AGREED, by and between the Parties hereto, that the O.W. Bunker Protective Order is incorporated by reference into the above-captioned proceeding, and shall govern information and material produced therein; and it is further

STIPULATED AND AGREED, that this Stipulation may be filed without further notice and, for the purposes of filing this Stipulation, this Stipulation may be executed in counterparts, which, when taken together, shall constitute the entire Agreement, and that signatures by facsimile and electronic mail should be considered by the Court the same as original signature.

Dated: New York, New York
February **4**, 2021

By: _____

James H. Hohenstein
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd St.
New York, New York 10019
Telephone: 212-513-3213
Fax: 212-385-9010
Email: jim.hohenstein@hklaw.com
        marie.larsen@hklaw.com

*Attorneys for Interpleader Plaintiffs Western*
*Bulk Carriers AS and Western Bulk Chartering*
*AS, individually and on behalf of the M/V*
*LONG LUCKY*

By: _____

Bruce G. Paulsen
Brian P. Maloney
Laura E. Miller
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, New York 10004
Telephone: 212-574-1200
Fax: 212-480-8421
Email: paulsen@sewkis.com
        maloney@sewkis.com
        millerl@sewkis.com

*Attorneys for Defendant-Claimant*
*ING Bank N.V., as Security Agent*

By: _____

John R. Keough, IIII
George G. Cornell
Laura L. Gongaware
CLYDE & CO US LLP
405 Lexington Ave.
New York, New York 10174
Telephone: 212-710-3900
Fax: 212-710-3950
Email: john.keough@clydeco.us
        george.cornell@clydeco.us
        laura.gongaware@clydeco.us

*Attorney for Defendant-Claimant*
*U.S. Oil Trading, LLC*

3

\#

**SO ORDERED:**

**The O.W. Bunker Protective Order shall govern discovery in this proceeding.**

_____

**Hon. Valerie E. Caproni**
**UNITED STATES DISTRICT JUDGE**


February 4, 2021
_____
**Dated**

# Exhibit A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__12/04/2015__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLEARLAKE SHIPPING PTE LTD,<br><br>               Plaintiff,<br><br>       -against-<br><br>O.W. BUNKER (SWITZERLAND) SA, O.W. BUNKER USA INC., O.W. BUNKER NORTH AMERICA INC., O.W. BUNKER HOLDING NORTH AMERICA INC., NUSTAR ENERGY SERVICES INC., ING BANK N.V.,<br><br>             Defendants. | **PROTECTIVE ORDER**<br><br>14-CV-9287  (VEC) |
| BONNY GAS TRANSPORT LIMITED, as owner of the LNG FINIMA (IMO No. 7702401),<br><br>              Plaintiff,<br><br>       -against-<br><br>O.W. BUNKER GERMANY GMBH, NUSTAR TERMINALS MARINE SERVICES N.V., NUSTAR ENERGY SERVICES, INC., ING BANK N.V.,<br><br>             Defendants. | 14-CV-9542  (VEC) |
| SHV GAS SUPPLY & RISK MANAGEMENT SAS and EXMAR SHIPPING BVBA, as owner of the WAREGEM (IMO No. 9659127),<br><br>            Plaintiffs,<br><br>       -against-<br><br>OW BUNKER USA, INC., OW BUNKER HOLDING NORTH AMERICA INC., OW BUNKER NORTH AMERICA INC., NUSTAR ENERGY SERVICES, INC.,  ING BANK NV,<br><br>             Defendants. | 14-CV-9720  (VEC) |

| | |
|---|---|
| NYK BULK & PROJECT CARRIERS LTD., individually and on behalf of M/V OCEAN FRIEND (IMO No. 9401829), | |
| Plaintiff, | 14-CV-10090 (VEC) |
| -against- | |
| O.W. BUNKER USA INC., NUSTAR ENERGY SERVICES, INC., HARLEY MARINE GULF, INC., ING BANK N.V., | |
| Defendants. | |
| NIPPON KAISHA LINE LIMITED, individually and on behalf of M/V RIGEL LEADER (IMO No.9604940), | |
| Plaintiff, | |
| -against- | 14-CV-10091 (VEC) |
| O.W. BUNKER USA INC., NUSTAR ENERGY SERVICES, INC., KIRBY INLAND MARINE LP, ING BANK N.V., | |
| Defendants. | |
| SK SHIPPING CO., LTD., and SK B&T PTE. LTD., individually and on behalf of M/V AZURIT (IMO No. 9551703), | |
| Plaintiffs, | |
| -against- | 15-cv-2141 (VEC) |
| NUSTAR ENERGY SERVICES, INC., O.W. BUNKER MIDDLE EAST DMCC, O.W. BUNKER USA INC., ING BANK N.V., | |
| Defendants. | |

       This agreed stipulation having been brought before the Court by the parties hereto (together, the "Parties", and each a "Party") for the entry of a protective order limiting the

dissemination of confidential and/or proprietary documents and information to be produced by any Party or their respective counsel or by any non-party in the course of discovery in these matters to the extent set forth below; the agreed stipulation being necessary to facilitate the production, exchange, and disclosure of documents and information by the Parties and non-parties meriting confidential treatment; and the Parties through their respective counsel having stipulated and agreed to the terms set forth herein, and good cause having been shown,

IT IS HEREBY ORDERED that:

1.      The Parties' agreement set forth herein (the "Agreement") shall govern the production and/or use of documents, deposition testimony, deposition exhibits, responses to interrogatories, requests for admission and all other information and material produced or disclosed in discovery ("Discovery Material") in the above-captioned actions (each an "Action" and collectively, the "Actions").

2.      Any Party to any of the Actions (or any non-party producing Discovery Material in an Action) (each, a "Producing Party") may designate as "Confidential" any Discovery Material disclosed to any other party (each, a "Receiving Party") that it reasonably and in good faith believes contains or constitutes: (i) non-public personal, confidential or commercially sensitive information; (ii) information constituting confidential research or business development; (iii) information kept confidential pursuant to law or regulation; (iv) information reasonably likely to cause undue harm to the reputation of, or embarrassment to, any individual; or (v) proprietary or competitively sensitive financial, technical, or commercial information (all information designated as such, including the document itself as well as the information therein, "Confidential Material").

3.      Any Producing Party may designate as "Highly Confidential" any Discovery Material disclosed to a Receiving Party that it reasonably and in good faith believes contains or constitutes: (i)  non-public proprietary information about a Party, (ii) non-public proprietary information about clients or customers of the Producing Party and any subsidiaries, affiliates or parent entities of the Producing Party, (iii) any information protected from public disclosure pursuant to the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq., or any other or similar state or federal law (or other applicable law or regulation) regarding the protection of private customer information, or (iv) any trade secret (all such information designated as such, including the document itself as well as the information therein, the "Highly Confidential Material").

4.      Discovery Material shall be used solely for the purposes of prosecuting or defending the Actions or any other action or proceeding (whether domestic or foreign) between or among one or more of the Parties related to claims for payment for the supply of marine bunkers, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

5.      Documents, interrogatories, requests for admission or other materials (apart from depositions or other pretrial testimony) shall be designated as Confidential by printing the legend "Confidential" on any page or response containing any Confidential Material. A Producing Party may designate Discovery Materials as Highly Confidential Material by applying the legend "Highly Confidential" to each page containing any Highly Confidential Material. In the case of electronically stored information, the "Confidential" or "Highly Confidential" legend, if any, shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored, and the "Confidential" or "Highly

Confidential" legend shall be applied, by electronic means to each electronic document or other electronically stored information containing any Confidential or Highly Confidential Materials.

6.    In the case of deposition testimony, the designation shall be made (a) by a statement on the record by counsel at the time of such disclosure; or (b) by written notice sent by counsel to all Parties within 30 days after receiving a copy of the transcript.

7.    Confidential Material may be disclosed, summarized, described or otherwise communicated or made available in whole or in part only to the following persons:

(i)     counsel and in-house counsel who represent a Party to the Actions, including employees, staff and non-legal professionals of said counsel;

(ii)    actual or potential experts or consultants retained in the Actions by counsel for a Party or a Party to testify or otherwise assist with the Actions;

(iii)   anticipated or actual trial or deposition witnesses and their counsel, during the course of, or in preparation for, deposition or testimony, to the extent reasonably believed or expected to relate to their testimony;

(iv)    officers, employees, agents, or receivers of a Receiving Party or its insurance carrier whose access to Confidential Material is  necessary to assist in the preparation and conduct of the prosecution or defense of the Actions;

(v)     any person who is identified as the author or addressee of a document;

(vi)    third-party contractors or vendors retained by counsel for a Party or a Party and engaged in copying, organizing, filing, coding, converting, storing or retrieving data;

(vii)   the Court, persons employed by the Court and any court reporter transcribing the testimony or argument at any hearing, trial, deposition or hearing in the Actions;

    (viii)   a court of competent jurisdiction in a proceeding (*e.g.*, subpoena or appeal) commenced in connection with the Actions;

    (ix)   any other person with the written consent of the Producing Party; and

    (x)   any of the persons identified in subparagraphs (i) through (ix) above in any other action or proceeding between or among one or more of the Parties related to claims for payment for the supply of marine bunkers.

8.    Highly Confidential Material may be disclosed, summarized, described or otherwise communicated or made available in whole or in part only to the following persons:

    (i)   counsel who represent a Party to the Actions and in-house counsel who are primarily responsible for the Actions, including employees, staff and non-legal professionals of said counsel, provided that any such disclosure, summary, description or communication to such in-house counsel (or employees, staff and non-legal professionals of said counsel) is made only for the purpose of consulting with respect to the litigation of these Actions;

    (ii)   actual or potential experts or consultants retained in the Actions by counsel for a Party or a Party to testify or otherwise assist with the Actions;

    (iii)   anticipated or actual trial or deposition witnesses who are current employees of, or have been retained by, the Producing Party and their counsel, during the course of, or in preparation for, deposition or testimony, to the extent reasonably believed or expected to relate to their testimony;

    (iv)   any person who is identified as the author or addressee of a document;

    (v)   third-party contractors or vendors retained by counsel for a Party or a Party and engaged in copying, organizing, filing, coding, converting, storing or retrieving data;

    (vi)   the Court, persons employed by the Court and any court reporter transcribing the testimony or

argument at any hearing, trial, deposition or hearing in the Actions;

(vii)    a court of competent jurisdiction in a proceeding (*e.g.*, subpoena or appeal) commenced in connection with the Actions;

(viii)   any other person with the written consent of the Producing Party; and

(ix)     any of the persons identified in subparagraphs (i) through (viii) above in any other action or proceeding between or among one or more of the Parties related to claims for payment for the supply of marine bunkers.

9.    Every person (other than those persons identified in subparagraphs 7(vii) and (viii) and subparagraphs 8(vi) or (vii) above) given access to Confidential or Highly Confidential Material shall be provided with a copy of this Agreement and advised that the information is being disclosed pursuant and subject to the terms of this Agreement and may not be disclosed other than pursuant to its terms.  No disclosure of Confidential or Highly Confidential Material to such persons may occur prior to their execution of the Acknowledgement and Agreement appended hereto.

10.    Disclosure of Confidential or Highly Confidential Material without an appropriate designation shall not be deemed to be a waiver in whole or in part of the Producing Party's claim of confidentiality going forward, either as to the specific Confidential or Highly Confidential Material inadvertently disclosed or as to any other Discovery Material relating thereto on the same or related subject matter.  A Producing Party may amend its designation of Discovery Material as Confidential or Highly Confidential by providing copies of appropriately marked documents or information and requesting the return of documents or information not previously marked, or by such other means as may be agreed between counsel or ordered by the Court, with the effect that such Discovery Material is subject thereafter to the protections of this

7

Stipulation.  The Receiving Party, after being so notified, shall promptly return, sequester or

destroy the specified Discovery Material and any copies it has and must take reasonable steps to

retrieve the Discovery Material from any parties to whom the Receiving Party disclosed it before

being notified.

           11.      Inadvertent or unintentional production of any Discovery Material which

a Producing Party later claims in good faith should not have been produced because of a

privilege, including, but not limited to, the attorney-client privilege or work product doctrine,

will not by itself be deemed to have waived any privilege.  A Producing Party may request the

return of any inadvertently produced privileged Discovery Material by identifying the

inadvertently produced Discovery Material and stating the basis for withholding such material

from production.  The Receiving Party, after being so notified, shall promptly return, sequester

or destroy the specified Discovery Material and any copies it has; must not use or disclose the

information until the claim is resolved; must take reasonable steps to retrieve the Discovery

Material from any parties to whom the Receiving Party disclosed it before being notified; and

may promptly apply to the Court for a determination of the claim of privilege.  The Discovery

Material over which a claim of privilege is made may not be used by the Receiving Party in

connection with any application to the Court relating to whether the Discovery Material is

privileged.

           12.      If any Party objects to the designation of any Discovery Material as

Confidential or Highly Confidential Material, the Party shall state the objection in writing to

counsel for the Producing Party.  If the Parties are then unable to resolve the objection after a

good faith effort to do so, the objecting party may move the Court to strike the designation.

Until the Court rules on any such motion, the Discovery Materials shall continue to be deemed

Confidential or Highly Confidential Material, as the case may be, under the terms of this Agreement.

13.     Nothing herein shall be construed so as to prohibit a Receiving Party from disclosing Confidential or Highly Confidential Material in its possession in response to a lawful subpoena or compulsion of law, provided, however, that the Receiving Party, to the extent permitted by law, shall give prompt written notice of such subpoena or request to the Producing Party as soon as possible and before disclosing any such information or otherwise responding. The Receiving Party, to the extent permitted by law, shall not disclose such information for a period of at least five business days after providing such notice to the Producing Party.  Upon receipt of the written notice, the Producing Party shall be solely responsible for asserting any objection to the requested production.

14.     Unless otherwise agreed to by the Parties, within 60 days after the last judgment or dismissal of the Action(s) in which the relevant Discovery Material is produced becomes final and non-appealable, all persons who received Confidential or Highly Confidential Material shall either return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party or destroy all such Confidential or Highly Confidential Material and certify that fact by letter to the Producing Party's counsel.  Counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and their respective exhibits, and attorney work product provided that such counsel, and employees of such counsel, shall not disclose such court papers, deposition and trial transcripts and their respective exhibits, or attorney work product to any person except as required by law or pursuant to court order or agreement with the Producing Party or except in any other action or proceeding

between or among one or more of the Parties related to claims for payment for the supply of marine bunkers.

15.      Notwithstanding any other provision of this Agreement, (a) nothing herein shall limit a Party's or non-party's use or disclosure of its own Confidential or Highly Confidential Material; and (b) nothing herein shall limit the use or disclosure by a Party of documents, materials, or information lawfully obtained by such party independent of the discovery proceedings in the Actions.

16.      This Agreement shall not be deemed a waiver of:

(i)      Any Party's or non-party's right to object to any discovery requests on any ground;

(ii)      Any Party's right to seek an order compelling discovery with respect to any discovery request;

(iii)      Any Party's right in any proceeding to object to the admission of any evidence on any ground;

(iv)      Any Party's or non-party's right to use its own documents with complete discretion;

(v)      Any Party's or non-party's right to present a motion to the court for a separate protective order as to any particular Discovery Material; or

(vi)      Any Party's right to apply for an order from the Court allowing a person(s), other than those identified in paragraphs 7 and 8, access to Confidential or Highly Confidential Material.

17.      The provisions of this Agreement shall, absent written permission of the Producing Party or order of the Court, continue to be binding throughout and after the conclusion of each of the Actions.

18.      In the event an additional party joins or is joined in the Actions, it shall not have access to Confidential or Highly Confidential Material until the newly-joined party has

itself, or by its counsel executed and filed with the Court its agreement to be fully bound by this Stipulation.

19.    This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to agreements made and performed therein, without giving effect to principles of conflicts of laws.

Dated: New York, New York

BLANK ROME, LLP

By: _____
Thomas H. Belknap Jr.
Keith B. Letourneau
Kate B. Belmont
405 Lexington Avenue
New York, NY 10174-0208
Tel: (212) 885-5000
Fax: (212) 885-5001

*Attorneys for NuStar Energy Services, Inc.*
*and NuStar Terminals Marine Services, N.V.*

CHALOS & CO., P.C.

By _____
George M. Chalos
Kerri M. D'Ambrosio
53 Hamilton Avenue
Oyster Bay, NY 11771
Tel: (516) 714-4300
Fax: (516) 750-9051

*Attorneys for Exmar Shipping BVBA, as*
*owner of the WAREGEM*

HOLLAND & KNIGHT, LLP

By: _____
James H. Hohenstein
James H. Power
Marie E. Larsen
31 West 52nd Street
New York, NY 10019
Tel: (212) 513-3200
*Attorneys for Clearlake Shipping Pte Ltd.,*
*Bonny Gas Transport Ltd., NYK Bulk &*
*Project Carriers Ltd. and Nippon Kaisha*
*Line Limited*

BURKE & PARSONS

By: _____
Keith W. Heard
100 Park Avenue
New York, NY 10017
Tel: (212) 354-3800
Fax: (212) 221-1432

*Attorneys for SK Shipping Co., Ltd.,*
*and SK B&T Pte. Ltd.*

SEWARD & KISSEL LLP

By: _____
Bruce G. Paulsen
Brian P. Maloney
One Battery Park Plaza
New York, NY 10004
Tel: (212) 574-1200
Fax: (212) 480-8421

*Attorneys for ING Bank N.V., as Security Agent*

HILL RIVKINS, LLP

By: _____
Anthony J. Pruzinsky
Justin M. Heilig
45 Broadway, Suite 1500
New York, NY 10006
Tel: (212) 669-0600
Fax: (212) 669-0698

and

11

itself, or by its counsel executed and filed with the Court its agreement to be fully bound by this
Stipulation.

19.     This Agreement shall be governed by, and construed in accordance with,
the laws of the State of New York applicable to agreements made and performed therein, without
giving effect to principles of conflicts of laws.

Dated: New York, New York

BLANK ROME, LLP

By: _____
        Thomas H. Belknap, Jr.
        Keith B. Letourneau
        Kate B. Belmont
        405 Lexington Avenue
        New York, NY 10174-0208
        Tel: (212) 885-5000
        Fax: (212) 885-5001

*Attorneys for NuStar Energy Services, Inc.
and NuStar Terminals Marine Services, N.V.*

CHALOS & CO., P.C.

By _____
        George M. Chalos
        Kerri M. D'Ambrosio
        55 Hamilton Avenue
        Oyster Bay, NY 11771
        Tel: (516) 714-4300
        Fax: (516) 750-9051

*Attorneys for Exmar Shipping BVBA, as
owner of the WAREGEM*

HOLLAND & KNIGHT, LLP

By: _____
        James H. Hohenstein
        James H. Power
        Marie E. Larsen
        31 West 52nd Street
        New York, NY 10019
        Tel: (212) 513-3200
*Attorneys for Clearlake Shipping Pte Ltd.,
Bonny Gas Transport Ltd., NYK Bulk &
Project Carriers Ltd. and Nippon Kaisha
Line Limited*

BURKE & PARSONS

By: _____
        Keith W. Heard
        100 Park Avenue
        New York, NY 10017
        Tel: (212) 354-3800
        Fax: (212) 221-1432

*Attorneys for SK Shipping Co., Ltd.,
and SK B&T Pte. Ltd.*

SEWARD & KISSEL LLP

By: _____
        Bruce G. Paulsen
        Brian P. Maloney
        One Battery Park Plaza
        New York, NY 10004
        Tel: (212) 574-1200
        Fax: (212) 480-8421

*Attorneys for ING Bank N.V., as Security Agent*

HILL RIVKINS, LLP

By: _____
        Anthony J. Pruzinsky
        Justin M. Heilig
        45 Broadway, Suite 1500
        New York, NY 10006
        Tel: (212) 669-0600
        Fax: (212) 669-0698

and

itself, or by its counsel executed and filed with the Court its agreement to be fully bound by this Stipulation.

        19.    This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to agreements made and performed therein, without giving effect to principles of conflicts of laws.

Dated: New York, New York

BLANK ROME, LLP

By: _____
    Thomas H. Belknap Jr.
    Keith B. Letourneau
    Kate B. Belmont
    405 Lexington Avenue
    New York, NY 10174-0208
    Tel: (212) 885-5000
    Fax: (212) 885-5001

*Attorneys for NuStar Energy Services, Inc. and NuStar Terminals Marine Services, N.V.*

CHALOS & CO., P.C.

By _____
    George M. Chalos
    Kerri M. D'Ambrosio
    53 Hamilton Avenue
    Oyster Bay, NY 11771
    Tel: (516) 714-4300
    Fax: (516) 750-9051

*Attorneys for Exmar Shipping BVBA, as owner of the WAREGEM*

HOLLAND & KNIGHT, LLP

By: _____
    James H. Hohenstein
    Marie E. Larsen
    31 West 52nd Street
    New York, NY 10019
    Tel: (212) 513-3200

*Attorneys for Clearlake Shipping Pte Ltd.*

BURKE & PARSONS

By: _____
    Keith W. Heard
    100 Park Avenue
    New York, NY 10017
    Tel: (212) 354-3800
    Fax: (212) 221-1432

*Attorneys for SK Shipping Co., Ltd., and SK B&T Pte. Ltd.*

SEWARD & KISSEL LLP

By: _____
    Bruce G. Paulsen
    Brian P. Maloney
    One Battery Park Plaza
    New York, NY 10004
    Tel: (212) 574-1200
    Fax: (212) 480-8421

*Attorneys for ING Bank N.V., as Security Agent*

HILL RIVKINS, LLP

By: _____
    Anthony J. Pruzinsky
    Justin M. Heilig
    45 Broadway, Suite 1500
    New York, NY 10006
    Tel: (212) 669-0600
    Fax: (212) 669-0698

and

MONTGOMERY MCCRACKEN,
WALKER & RHOADS, LLP

By: _____
Vincent M. DeOrchis
Davis L. Wright
Robert E. O'Connor
Kaspar Kielland
437 Madison Avenue
New York, NY 10022
Tel: (212) 201-1931

*Attorneys for O.W. Bunker USA Inc., O.W. Bunker North America Inc. and O.W. Bunker Holding North America, Inc.*

REED SMITH LLP

By: Andrea Pincus /BM
Andrea Pincus
599 Lexington Avenue
New York, NY 10022
Tel: (212) 521-5400
Fax: (212) 521-5450

*Attorneys for SHV Gas Supply & Risk Management SAS*

MCDERMOTT WILL & EMERY

By: Timothy W. Walsh /BM
Timothy W. Walsh
Darren Azman
340 Madison Avenue
New York, New York 10173-1922
Tel: (212) 547-5400
Fax: (212) 547-5444

*Attorneys for O.W. Bunker Germany GmbH*

MOUND COTTON WOLLAN &
GREENGRASS, LLP

By: _____
Francis A. Montbach
Sara N. Lewis
One New York Plaza
New York, NY 10004
Tel: (212) 804-4200
Fax: (212) 344-8066

*Attorneys for Harley Marine Gulf, Inc., Kirby Inland Marine, LP, Harley Marine Services, Inc., Westoil Marine Services, Inc. and Harley Marine NY, Inc.*

Dated this _____ day of November, 2015

_____
UNITED STATES DISTRICT COURT JUDGE

12

MONTGOMERY MCCRACKEN,
WALKER & RHOADS, LLP

By: _____
    Vincent M. DeOrchis
    Davis L. Wright
    Robert E. O'Connor
    Kaspar Kielland
    437 Madison Avenue
    New York, NY 10022
    Tel: (212) 201-1931

*Attorneys for O.W. Bunker USA Inc., O.W.
Bunker North America Inc. and O.W. Bunker
Holding North America, Inc.*

REED SMITH LLP

By: _____
    Andrea Pincus
    599 Lexington Avenue
    New York, NY 10022
    Tel: (212) 521-5400
    Fax: (212) 521-5450

*Attorneys for SHV Gas Supply & Risk
Management SAS*

MCDERMOTT WILL & EMERY

By: _____
    Timothy W. Walsh
    Darren Azman
    340 Madison Avenue
    New York, New York 10173-1922
    Tel: (212) 547-5400
    Fax: (212) 547-5444

*Attorneys for O.W. Bunker Germany GmbH*

MOUND COTTON WOLLAN &
GREENGRASS, LLP

By: _____
    Francis A. Montbach
    Sara N. Lewis
    One New York Plaza
    New York, NY 10004
    Tel: (212) 804-4200
    Fax: (212) 344-8066

*Attorneys for Harley Marine Gulf, Inc., Harley
Marine Services, Inc., Westoil Marine Services,
Inc. and Harley Marine NY, Inc.*

This Protective Order and the attached Acknowledgment and Agreement form shall apply in all related actions under lead civil case, UPT Pool Ltd. v. Dynamic Oil Trading (Singapore) Pte. Ltd. et al., 14-CV-9262 (S.D.N.Y.) (VEC).  Counsel of record, being bound by the Protective Order, shall not be required to complete the Acknowledgment and Agreement form in handling materials covered under this Order.

SO ORDERED.

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Date: 12/04/2015

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLEARLAKE SHIPPING PTE LTD, | **PROTECTIVE ORDER ACKNOWLEDGMENT AND AGREEMENT** |
| Plaintiff, | |
| -against- | 14-CV-9287  (VEC) |
| O.W. BUNKER (SWITZERLAND) SA, O.W. BUNKER USA INC., O.W. BUNKER NORTH AMERICA INC., O.W. BUNKER HOLDING NORTH AMERICA INC., NUSTAR ENERGY SERVICES INC., ING BANK N.V., | |
| Defendants. | |
| BONNY GAS TRANSPORT LIMITED, as owner of the LNG FINIMA (IMO No. 7702401), | |
| Plaintiff, | 14-CV-9542  (VEC) |
| -against- | |
| O.W. BUNKER GERMANY GMBH, NUSTAR TERMINALS MARINE SERVICES N.V., NUSTAR ENERGY SERVICES, INC., ING BANK N.V., | |
| Defendants. | |
| SHV GAS SUPPLY & RISK MANAGEMENT SAS and EXMAR SHIPPING BVBA, as owner of the WAREGEM (IMO No. 9659127), | |
| Plaintiffs, | 14-CV-9720  (VEC) |
| -against- | |
| OW BUNKER USA, INC., OW BUNKER HOLDING NORTH AMERICA INC., OW BUNKER NORTH AMERICA INC., NUSTAR ENERGY SERVICES, INC.,  ING BANK NV, | |
| Defendants. | |

| | |
|---|---|
| NYK BULK & PROJECT CARRIERS LTD., individually and on behalf of M/V OCEAN FRIEND (IMO No. 9401829), | |
| Plaintiff, | 14-CV-10090 (VEC) |
| -against- | |
| O.W. BUNKER USA INC., NUSTAR ENERGY SERVICES, INC., HARLEY MARINE GULF, INC., ING BANK N.V., | |
| Defendants. | |
| NIPPON KAISHA LINE LIMITED, individually and on behalf of M/V RIGEL LEADER (IMO No.9604940), | |
| Plaintiff, | |
| -against- | 14-CV-10091 (VEC) |
| O.W. BUNKER USA INC., NUSTAR ENERGY SERVICES, INC., KIRBY INLAND MARINE LP, ING BANK N.V., | |
| Defendants. | |
| SK SHIPPING CO., LTD., and SK B&T PTE. LTD., individually and on behalf of M/V AZURIT (IMO No. 9551703), | |
| Plaintiffs, | |
| -against- | 15-cv-2141 (VEC) |
| NUSTAR ENERGY SERVICES, INC., O.W. BUNKER MIDDLE EAST DMCC, O.W. BUNKER USA INC., ING BANK N.V., | |
| Defendants. | |

I, _____, acknowledge that I have read and understand the

Protective Order in the above-captioned actions (the "Actions") governing the non-disclosure of

those portions of Discovery Material that have been designated as Confidential in one or more of the Actions.  I agree that I will not disclose such Confidential or Highly Confidential Material to anyone other than for purposes of this litigation and that at the conclusion of the Action or Actions in which the relevant Confidential or Highly Confidential Material was produced, I will return it to the party or attorney from whom I received it in accordance with the Protective Order.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____          _____

SK 28644 0001 6898558